# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GABRIEL ROSA-DIAZ, | : | |
|     Plaintiff | : | |
| | : | No. 1:19-cv-1914 |
|     v. | : | |
| | : | (Judge Rambo) |
| RIVELLO, *et al.*, | : | (Magistrate Judge Carlson) |
|     Defendants | : | |

## MEMORANDUM

Before the Court are *pro se* Plaintiff Gabriel Rosa-Diaz ("Plaintiff")'s complaint (Doc. No. 1), motion for a preliminary injunction and permanent restraining order (Doc. No. 10), declaration and brief in support thereof (Doc. Nos. 11, 12), and motion for leave to amend his complaint (Doc. No. 13) and proposed amended complaint (Doc. No. 13-1), as well as the November 15, 2019 Report and Recommendation of Magistrate Judge Carlson (Doc. No. 9), recommending that the Court dismiss Allison Deibert as a Defendant and direct service of Plaintiff's complaint upon the remaining Defendants.

### I.    BACKGROUND

Plaintiff initiated the above-captioned case on November 5, 2019 by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Deputy Superintendent Rivello ("Rivello"), Deputy Superintendent Wakefield ("Wakefield"), Unit Manager B. Fisher ("Fisher"), Deputy Attorney General Allison Deibert ("Deibert"), Grievance Coordinator L. Hollibaugh ("Hollibaugh"), Lieutenant Moore ("Moore"),

Lieutenant McGrath ("McGrath"), Correctional Officer Voughn ("Voughn"), and Correctional Officer Yoder ("Yoder"). (Doc. No. 1.) Plaintiff raises several claims for relief stemming from events that have occurred during his incarceration the Behavioral Management Unit ("BMU") at the State Correctional Institution Smithfield in Huntingdon, Pennsylvania ("SCI Smithfield"). Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 2.) In an Order dated November 15, 2019, Magistrate Judge Carlson granted Plaintiff leave to proceed *in forma pauperis*. (Doc. No. 8.) In his November 15, 2019 Report and Recommendation, Magistrate Judge Carlson recommends dismissing Deibert as a Defendant and serving Plaintiff's complaint upon the remaining Defendants. (Doc. No. 9.)

Plaintiff did not file objections to Magistrate Judge Carlson's Report and Recommendation. Instead, on November 21, 2019, Plaintiff filed a motion for a preliminary injunction and permanent restraining order, asking for immediate release from the Restricted Release List ("RRL") and a transfer to general population. (Doc. No. 10.) Plaintiff also filed a declaration (Doc. No. 11) and brief in support (Doc. No. 12) of his motion. On December 2, 2019, Plaintiff filed a motion for leave to amend his complaint (Doc. No. 13) and a proposed amended complaint (Doc. No. 13-1). The proposed amended complaint does not include

2

Deibert as a Defendant, and Plaintiff also indicates that he wishes to voluntarily dismiss Hollibaugh as a Defendant.

## II. DISCUSSION

### A. Report and Recommendation and Motion for Leave to Amend

As noted above, Magistrate Judge Carlson recommends dismissing Deibert as a Defendant and serving Plaintiff's complaint upon the remaining Defendants. (Doc. No. 9.) Plaintiff has not filed objections to the Report and Recommendation. Instead, Plaintiff has filed a proposed amended complaint that dismisses Deibert and Hollibaugh as Defendants. (Doc. No. 13-1.) In considering whether to adopt the Report and Recommendation, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (explaining that judges should review dispositive legal issues raised by the report for clear error). Following an independent review of the record, the Court is satisfied that the Report and Recommendation contains no clear error.

Plaintiff has filed his proposed amended complaint before the Court has ordered service upon the Defendants. The Federal Rules of Civil Procedure note that "[a] party may amend its pleading once as a matter of course" within either twenty-one (21) days after serving it or within twenty-one (21) days after service of

a responsive pleading or twenty-one (21) days after the filing of a motion under rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In "all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* 15(a)(2). Here, Plaintiff's formal request to amend his complaint is unnecessary. *See Mollett v. Leicth*, 5611 F. App'x 172, 172-73 (3d Cir. 2013) (noting that formal request for leave to amend was unnecessary before service). In any event, the Court will grant Plaintiff's motion for leave to amend and direct the Clerk of Court to docket his amended complaint as a separate docket entry in this matter. In light of the fact that Plaintiff's amended complaint dismisses Deibert and Hollibaugh as Defendants, the Court will adopt Magistrate Judge Carlson's Report and Recommendation to the extent that it recommends that Deibert be dismissed as a Defendant. The Court will also dismiss Hollibaugh as a Defendant and direct service of Plaintiff's amended complaint upon the remaining Defendants.

**B.     Motion for Preliminary Injunction and Permanent Restraining Order**

As noted above, Plaintiff has filed a motion for a preliminary injunction and permanent restraining order, seeking immediate removal from the RRL and release from the BMU to general population. (Doc. No. 10.)

Preliminary injunctive relief is extraordinary in nature and is discretionary with the trial judge. *See Orson, Inc. v. Miramax Film Corp.*, 836 F. Spp. 309, 311

4

(E.D. Pa. 1993) (citing *Skehan v. Bd. of Tr. of Bloomsburg State Coll.*, 353 F. Supp. 542 (M.D. Pa. 1973)). In determining whether to grant a motion seeking preliminary injunctive relief, courts within the Third Circuit consider the following four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the conduct complained of; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *See S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992) (citing *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197-98 (3d Cir. 1990)). To prove "irreparable injury" a plaintiff must demonstrate actual and immediate injury rather than a possibility of future harm. *See Continental Group, Inc. v. Amoco Chemical Corp.*, 614 F.2d 351, 359 (3d Cir. 1980). It is the moving party that bears the burden of demonstrating these factors. *See Dorfman v. Moorhous*, No. 93-cv-6120, 1993 WL 483166, at *1 (E.D. Pa. Nov. 24, 1993). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). Furthermore, "there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *See Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (internal

quotation marks omitted) (quoting *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)).

Moreover, "[t]he 'requisite feared injury or harm must be irreparable – not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" *See ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)). "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). "The key word in this consideration is *irreparable*. . . . The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (emphasis in original).

Upon consideration of Plaintiff's motion, the Court concludes that Plaintiff has not demonstrated that he will suffer irreparable harm if his motion is not granted at this time. Plaintiff's motion seeks resolution of some of the ultimate issues presented in his amended complaint, as in that document, he requests injunctive relief in the form of removal from the RRL and release from the BMU to general

population. Thus, Plaintiff has not demonstrated "potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co.*, 882 F.2d at 801; *see also Sampson*, 415 U.S. at 90. Accordingly, the Court will deny Plaintiff's motion for a preliminary injunction and permanent restraining order. (Doc. No. 10.)

### III.  CONCLUSION

For the reasons set forth above, the Court will grant Plaintiff's motion for leave to amend (Doc. No. 13) and direct the Clerk of Court to docket his amended complaint (Doc. No. 13-1) as a separate docket entry in this matter. The Court will adopt Magistrate Judge Carlson's Report and Recommendation (Doc. No. 9) to the extent it recommends dismissal of Deibert as a Defendant. The Court will also dismiss Hollibaugh as a Defendant and serve Plaintiff's amended complaint upon the remaining Defendants. Finally, the Court will also deny Plaintiff's motion for a preliminary injunction and permanent restraining order. (Doc. No. 10.) An appropriate Order follows.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
District Judge

Dated: February 18, 2020