IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GABRIEL ROSA-DIAZ** | : | Civil No. 1:19-cv-1914 |
| **Plaintiff,** | : | |
| v. | : | |
| **RIVELLO, et al.,** | : | |
| **Defendants.** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

Before the court is a report and recommendation of Magistrate Judge Carlson (Doc. 30) in which he recommends that the defendants' motion to dismiss the complaint (Doc. 20) be granted, in part, and that the pendant state law claims be remanded to state court. He further recommends that the plaintiff's motion to amend (Doc. 25) be denied without prejudice to the plaintiff alleging well-pleaded facts in support of certain narrowly tailored claims. The plaintiff timely filed objections to the report and recommendation (Doc. 31) and the defendants responded (Doc. 32). The plaintiff also filed a "Supplemental Appeal" to the report and recommendation (Doc. 33), which the defendants have moved to strike (Doc. 34). For the following reasons, the objections will be overruled, the motion to strike will be granted, and the report and recommendation will be adopted.

1

I.     **Background**

After a *de novo* review of the record, the court adopts the report and recommendation's thorough statement of the facts and of the case. Briefly, this is a *pro se* civil rights action brought by Gabriel Rosa-Diaz, a state prisoner who has prior litigation pending in this court. In this case, Rosa-Diaz has named seven defendants, consisting mostly of correctional officials at the State Correctional Institution Smithfield where Plaintiff is now housed. The amended complaint seeks redress for incidents spanning almost two years and involving Rosa-Diaz's belief that correctional staff are conspiring against him to deny his advancement in the Behavior Management Unit ("BMU") and to steal his personal property. The defendants have moved to dismiss the amended complaint, arguing that it does not comply with the requirements of Federal Rules of Civil Procedure 8 and 20, that the defendants are entitled to qualified immunity, and that the claims are otherwise without merit. In his brief in opposition, Rosa-Diaz requested that Correctional Officer Yoder be voluntarily dismissed as a defendant in this case. He has also moved to amend his complaint for a second time.

II.    **Legal Standard**

When objections are timely filed to a magistrate judge's report and recommendation, the district court must conduct a *de novo* review of those portions of the report to which objections are made.  28 U.S.C. § 636(b)(1); *Brown v. Astrue*,

649 F.3d 193, 195 (3d Cir. 2011).  Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citation omitted). Nonetheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Local Rule 72.31.

## III.  Objections

In his objections to the report and recommendation, Rosa-Diaz predominantly seeks to add facts to his amended complaint and restate arguments previously presented to the court. These purported objections are not entitled to *de novo* review. Turning to his proper objections, Rosa-Diaz argues that his claims regarding his confiscated property should be permitted to proceed.  As the report and recommendation properly explains, however, there are two issues with these claims.

First, Rosa-Diaz availed himself of the prison grievance system regarding the confiscated items and therefore he had an adequate post-deprivation remedy. (*See* Doc. 30, pp. 36-37.) Second, to the extent he seeks to hold the supervisory defendants responsible for denying his grievances, he has failed to state a claim. (*See id.* at pp. 38-39.) Rosa-Diaz also argues that his equal protection claims should be allowed to proceed as he was similarly situated with several other inmates in the BMU. However, as the report and recommendation correctly found, these other inmates were not similarly situated to him because they were acting as informants for the Department of Corrections while Plaintiff was not. (*See id.* at pp. 34-36.)

The court has reviewed the remainder of the report and recommendation and is satisfied that it contains no clear error. It will be adopted in its entirety.[1]

## IV.   Conclusion

For these reasons, the court agrees with Magistrate Judge Carlson's statement of facts, application of the law and his well-reasoned conclusions. Accordingly, the court will overrule Rosa-Diaz's objections and adopt the report and recommendation.

s/Sylvia H. Rambo
United States District Judge

Dated: November 3, 2020

---

[1] The court will also grant the defendants' motion to strike Rosa-Diaz's supplemental appeal. The defendants filed their response to Rosa-Diaz's objections on July 30, 2020, but Rosa-Diaz did not file his supplemental appeal, which the court construes as a reply brief, until August 30, 2020. The reply is therefore untimely.