IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GABRIEL ROSA-DIAZ** | : | **Civil No. 1:19-cv-1914** |
| Plaintiff, | : | |
| v. | : | |
| **RIVELLO, et al.,** | : | |
| Defendants. | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Before the court is a report and recommendation of Magistrate Judge Carlson (Doc. 82) in which he recommends that the court grant Defendants' motion to dismiss in part but permit Plaintiff Gabriel Rosa-Diaz's First Amendment retaliation claim to proceed against Defendants Fisher and Moore relating to an alleged confiscation of his legal papers in January 2019. Rosa-Diaz, a state prisoner who has filed four complaints in this case (Docs. 1, 16, 42, 65), objects to the recommendation (Docs. 83, 84) and seeks to further supplement his third amended complaint (Doc. 87). For the reasons set forth below, the objections will be overruled, the motion to supplement the amended complaint will be denied, and the report and recommendation will be adopted.

I.      **Background**

After a *de novo* review of the record, the court adopts the report and recommendation's thorough statement of the facts and of the case. To summarize, in a July 10, 2020 report and recommendation, the magistrate judge recommended the dismissal of many of Rosa-Diaz's allegations set forth in his first amended complaint but proposed that Rosa-Diaz be given leave to amend his pleadings to assert well pleaded facts in support of two narrowly tailored and specific claims of First Amendment retaliation. First, Rosa-Diaz alleged that two defendants, Lieutenant Moore and Lieutenant Fisher, confiscated his legal materials on January 14, 2019, because he was causing a "headache" with his prior lawsuit. (Doc. 16, ¶¶ 59-67). In addition, Rosa-Diaz alleged that in July and August of 2019, he was denied advancement in the BMU program due to the prison staff's apparent displeasure over his prior litigation activities. In November of 2020, this court adopted the report and recommendation, dismissing the bulk of Rosa-Diaz's claims but allowing him leave to amend these specific First Amendment retaliation claims. (Docs. 37, 38).

In response, Rosa-Diaz filed a second and then a third amended complaint, which did not comply with the court's prior limiting instructions. In the 143-page, 195-paragraph complaint, Rosa-Diaz pursued his allegations that prison staff confiscated his legal materials in retaliation for his prior lawsuit and denied him

advancement in the BMU program in a retaliatory fashion. (*Id.,* ¶¶ 95-107, 130-35.) However, in addition to these claims, he once again he "asserted a sweeping array of legal claims against a host of defendants, both new and old, involving conduct spanning many years" (Doc. 82 at 3.) Presented with this new assortment of claims, the defendants have moved to dismiss the third amended complaint.

## II. Legal Standard

When objections are timely filed to a magistrate judge's report and recommendation, the district court must conduct a *de novo* review of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citation omitted).

3

Nonetheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

### III. Objections

In his two sets of objections to the report and recommendation, Rosa-Diaz preposterously accuses the magistrate judge of, *inter alia*, "misleading, misdirecting, and misguiding this civil case in order to cover up for the criminal activities of the defendants against the plaintiff." (Doc. 83, p. 1; Doc. 84, p. 1 ("The Magistrate Judge seems to be confused of what he is asked to read or he is intentionally trying to misdirect and misguide this case in an attempt to cover up for the defendants' criminal conduct against plaintiff.") Plaintiff also again seeks to add facts to his third amended complaint and restate arguments previously presented to the court. These purported objections are not entitled to *de novo* review.

Turning to his other objections, Rosa-Diaz argues that the magistrate judge misapprehended his arguments about why he was not advanced in the BMU Program yet fails to provide any support for his claim other than generally referencing his exhibits, which number over 100 pages. (*See* Doc. 83.) It is not the province of the court to pore through a party's exhibits to make their arguments for them, especially in a case that has been pending for three years with at least four iterations of a

complaint. Furthermore, as the report and recommendation aptly explains, "Rosa-Diaz's efforts to describe [his lack of advancement through the BMU program] as irrationally unfair run afoul of an immutable fact that is readily acknowledged by the plaintiff: Rosa-Diaz had multiple prison infractions involving actual and threatened violence while in the BMU program, admitted infractions which provided a reasonable, rational basis for delaying his progress through this program." (Doc. 82, pp. 17-18.) Indeed, Plaintiff's own admissions that he committed certain acts of misconduct "bars him from citing the discipline he received for his wrongdoing as some form of retaliation." (*Id.* at p. 30.)

As to Plaintiff's request to add both previously dismissed as well as new claims and defendants, the court will deny the request. Simply put, Rosa-Diaz has a history of randomly adding and deleting parties and claims even after given specific instructions regarding the scope of future pleadings, and he has had ample opportunity to convince the court that he has pled viable claims. Any further amendment would be futile.

The court has reviewed the remainder of the report and recommendation and is satisfied that it contains no clear error. It will be adopted in its entirety.

## IV. Conclusion

For these reasons, the court agrees with Magistrate Judge Carlson's statement of facts, application of the law and his well-reasoned conclusions. Accordingly, the court will overrule Rosa-Diaz's objections, deny his motion to further supplement the complaint, and adopt the report and recommendation.

s/Sylvia H. Rambo<br>
United States District Judge

Dated: March 16, 2022