IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GABRIEL ROSA-DIAZ,** | : | Civil No. 19-CV-01914 |
| **Plaintiff,** | : | |
| v. | : | |
| **B. FISHER, et al.,** | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

## O R D E R

**AND NOW,** this 29th day of November, 2023, upon consideration of the remaining defendants' motion for summary judgment (Doc. 100), and after review of the Report and Recommendation of United States Magistrate Judge Martin C. Carlson (Doc. 111), Plaintiff Gabriel Rosa-Diaz's objections to the Report and Recommendation (Doc. 112), and Defendants' brief in opposition to the objections (Doc. 113), **IT IS HEREBY ORDERED** as follows:

(1) The Report and Recommendation (Doc. 111) is **ADOPTED**;[1]

(2) Plaintiff Rosa-Diaz's Objections (Doc. 112) are **OVERRULED**;[2]

---

[1] A version of this order issued on July 19, 2023 (Doc. 114) was subsequently vacated by the court.

[2] The background of this case is set forth in detail in the Report and Recommendation and need not be repeated. The report recommends that the remaining defendant's motion for summary judgment on Plaintiff's sole remaining claim for First Amendment retaliation be granted.

When objections are timely filed to a magistrate judge's report and recommendation, the district court must conduct a de novo review of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper.

(3) Defendants' motion for summary judgment (Doc. 100) is **GRANTED**; and

(4) The Clerk of Court is **DIRECTED** to close this case.

> */s/ Sylvia H. Rambo*
> Sylvia H. Rambo
> United States District Judge

---

*Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Univac. Dental Co. v. Dentsply, Intern.*, 702 F. Supp. 2d 465, 469 (M.D.Pa. 2010) (citations omitted). Regardless of whether objections are made, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); L.R. 72.31.

The Report and Recommendation carefully analyzes Plaintiff's retaliation claim and appropriately concludes that he has not set forth any evidence showing a genuine dispute of material fact, and further, that the defendants would be entitled to qualified immunity.

Plaintiff's objections to the Report and Recommendation do not engage with its analysis or substantively argue that he has presented a genuine issue of material fact. Instead, Plaintiff rehashes prior arguments and boldly asserts that the defendants are "li[a]rs and deceivers" who falsified documents. In addition, Plaintiff presents facts and issues not relevant to the court's review of the Report and Recommendation, and improperly attempts to amend his operative complaint through his objections. *See Rinaldi v. United States*, 2015 Wl 9304105, at *4 (M.D. Pa. Dec. 22, 2015 (stating that a plaintiff cannot amend complaint through motion for reconsideration) (Rambo, J.).

Since mere disagreement with a report and recommendation is not a basis to decline to adopt it, the court construes Plaintiff's objections as general objections, and thus is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-CV-0850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009). The court finds no such error or injustice here.